IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.G., by and through his guardian ad litem, LaShan Goodwin,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants.<br>                                           / | No. C 11-04853 WHA<br><br>**ORDER GRANTING PARTIAL SUMMARY JUDGMENT, GRANTING LEAVE TO AMEND, AND SETTING A CASE MANAGEMENT SCHEDULE** |

**INTRODUCTION**

In this civil rights action involving alleged police misconduct, defendants move for summary judgment. Rather than oppose, plaintiff seeks leave to file an amended complaint. For the reasons explained below, the motion for summary judgment is **GRANTED IN PART**, and the motion for leave to amend the complaint is **GRANTED**.

**STATEMENT**

Juvenile plaintiff M.G. alleges that in September 2010 he was beaten by County of Contra Costa sheriff's deputies in the course of a wrongful arrest (Compl. ¶¶ 13–25). In September 2011 plaintiff filed suit in this district under 42 U.S.C. 1983 and various state law causes of action against the County of Contra Costa, the Contra Costa County Sheriff's Department, David Livingston in his capacity as county sheriff, and unidentified sheriff's deputies listed as Does 1–100 (Dkt. No. 1).

A January 2012 case management scheduling order (Dkt. No. 17) set a deadline of April 30, 2012, for leave to add new parties or pleading amendments. The same order set a non-expert discovery cut-off date of December 21, 2012, and made February 7, 2013 the final deadline for dispositive motions.

On January 31, 2013 defendants moved for summary judgment (Dkt. No. 34). Rather than oppose the motion, plaintiff filed a motion for leave to file an amended complaint on February 7 (Dkt. No. 40) — the same day as the deadline for filing dispositive motions, and more than nine months after the deadline for leave to amend expired.

Plaintiff's motion for leave to amend seeks to drop the County of Contra Costa and Mr. Livingston as defendants. Plaintiff further proposes to replace Does 1–2 with two specifically identified sheriff's deputies — Anthony Perry and Sean Welch — and proceed only against them, asserting only claims already pleaded against the Doe defendants. Although the parties' submissions do not specifically address whether the County of Contra Costa Sheriff's Department is an independent party, it is clear from plaintiff's submissions that plaintiff wishes to drop that entity from the caption as well (*see* Dkt. No. 51 at 4 ("In our case, plaintiff's remaining causes of action are all against defendant deputy sheriffs DOES 1–2.").

Defendants, for their part, request a continuance of the March 25 trial date. Defendants request this continuance on the grounds that defendants' counsel of record will be on medical leave from February 27 through April 12, and because none of the other attorneys in the Contra Costa County Tort Division are able to take the case to trial in the interim due to scheduling conflicts (Dkt. No. 42).

Plaintiff's original motion for leave to amend (Dkt. No. 40) briefed the incorrect standard for leave to amend — Rule 15 instead of Rule 16 — because the amendment would require modifying the case management scheduling order in this action. This order follows supplemental briefing and a hearing on the parties' motions.

**ANALYSIS**

**1.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

2

Plaintiff does not oppose defendants' motion for summary judgment insofar as it applies to all of the identified defendants in this action and the causes of action pleaded against them. Accordingly, to that extent defendants' motion for summary judgment is **GRANTED**.

Plaintiff's proposed amended complaint also pleads claims against "DOES 3–10" (Dkt. No. 41). Plaintiff's motion for leave to amend, however, states that plaintiff intends to proceed only against the two named sheriff's deputies (Dkt. No. 51 at 4). Plaintiff's counsel confirmed this intention at oral argument. This order thus **GRANTS** summary judgment in favor of defendants as to the remaining Doe (three and above) defendants.

### 2. LEAVE TO AMEND

The case management scheduling order in this action was filed in January 2012, and it set a deadline of April 30, 2012 for seeking leave to amend (Dkt. No. 17). Plaintiff's motion for leave to amend requires a modification of this order, and is therefore governed by Rule 16. Rule 16(b)(4) provides that "a schedule may be modified only for good cause and with the Judge's consent."

Plaintiff's counsel admits that good cause for the late amendment is absent (Dkt No. 52 at 5 ("counsel does not have sufficient justification for failure to comply with the scheduling order deadline")). Under normal circumstances, plaintiff's motion for leave under Rule 16 would be denied. Because plaintiff is abandoning its claims against all parties except the Doe defendants, however, denying leave to amend would have the same effect as a dismissal under Rule 16(f) for failure to comply with the scheduling order. Thus, additional inquiry is required.

Our court of appeals has stated:

> Dismissal is a harsh penalty and is to be imposed only in extreme circumstances. . . . A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (citations and quotation marks omitted).

3

The first three factors weigh against plaintiff. The proposed amendment will substantially delay this litigation. Even assuming the sheriff's deputies are represented by the same counsel of record for the county, they must be afforded an opportunity to respond to the complaint, conduct discovery, and file their own motions for summary judgment. This necessarily interferes with the Court's interest in managing its docket. The risk of prejudice to defendants is substantial because of the looming trial and because the facts are several years old. This prejudice can be mitigated, however, by setting a new case management schedule that would allow time for additional discovery, dispositive motions, and to prepare for trial.

The fourth and fifth factors favor plaintiff. Denial of leave to amend would prevent adjudication on the merits because it would function as a dismissal of the action. Plaintiff may be unable to re-file a new complaint because, as defendants point out, the applicable statutes of limitation on many or all plaintiff's claims may have run.[1] And, other less drastic sanctions are available in the form restrictions on discovery and the possibility of taxing plaintiff with costs traceable to the delay.

Although plaintiff's counsel admits fault, there is no evidence in the current record of disobedience, bad faith, or repeated violations of court orders that would typically support a sanction of dismissal. Defendants allege that bad faith is present because plaintiff learned the names of the deputies early after filing suit. The deputies were not deposed, however, until last month. This constitutes additional evidence of neglect on the part of plaintiff's counsel, but it likewise suggests that the factual record was not adequately developed until recently. On this record, bad faith has not been established.

Plaintiff's saving grace from the neglect of his counsel is defendants' request for continuance of the trial dates in this matter. Defendants' counsel of record will be on a medical leave of absence during the currently-scheduled trial dates. In the interim, no other attorneys from the Contra Costa County Tort Division will be available to take the matter to trial due to scheduling conflicts. Assuming that the two deputy sheriffs will be represented by the same

---

[1] As explained further below, plaintiffs claims in this action are not time-barred because the statutes of limitations are tolled.

4

1 counsel, neither side will be ready to try this case on the present trial date of March 25. Put
2 differently, defendants are themselves contributing to the havoc being wreaked on the calendar,
3 and delaying the trial dates should create enough time to accommodate the two deputies as new
4 parties.

### 3. THE STATUES OF LIMITATIONS ARE TOLLED

Defendants contend that allowing plaintiff to amend would be futile because the arrest giving rise to this lawsuit occurred more than two years ago, and the applicable statutes of limitation have run. It is not necessary to assess the individual statutes of limitations on plaintiff's claims against the deputy sheriffs. This order holds that, for the purposes of the present motions, even if the statutes of limitations would have run, both plaintiff's Section 1983 and state law claims against the deputy sheriffs are not time-barred because the limitations periods are tolled under California state law.

State law, rather than federal law, governs whether amendments relate back to the original complaint in civil rights actions pursuant to 42 U.S.C. § 1983. *See Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989). For the remaining state law claims, Rule 15(c)(1)(A) provides that an amendment relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back."

Under California law, a plaintiff has three years from the filing of the initial complaint to identify an unknown Doe defendant, amend the complaint, and effect service of the complaint. This relation-back rule applies if the amended complaint (1) rests on the same general set of facts, (2) involves the same injury, and (3) refers to the same instrumentality as the original one. The relation-back rule applicable to Doe defendants under California law can have the effect of enlarging a shorter statute of limitations period to three years. *See Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 398–99, 408–09 (1999).

Plaintiff's present efforts to amend are within the three-year window. Substituting the names of the individual sheriff's deputies does not otherwise change the factual assertions in the original complaint — the complaint still rests on the same facts, injury, and instrumentality. Accordingly, amendment would not be futile due to the claims being time-barred.

At oral argument, plaintiff's counsel represented that plaintiff was not aware of the identities of the two deputies at the time of filing suit. This order assumes for the purposes of the present motions that this representation is accurate, and is without prejudice to defendants raising the issue in a motion for summary judgment or at trial.

## CONCLUSION

Plaintiff's motion for leave to amend and defendants' motion for summary judgment are each **GRANTED IN PART** and **DENIED IN PART**. Plaintiff may file an amended complaint against deputy sheriffs Anthony Perry and Sean Welch only. All other parties and Doe defendants are **DISMISSED**. Plaintiff shall file his amended complaint by **FEBRUARY 27 AT NOON**.

The case management scheduling order is hereby **AMENDED** as follows: the non-expert discovery cut-off date and deadline for opening expert reports is **APRIL 11**. As a further condition for the extension of the discovery deadlines in this action, plaintiff's time to respond to discovery requests is reduced to fourteen days. Defendants, however, are not subject to this reduced time frame for responding. The deadline for filing dispositive motions shall be **MAY 23 AT NOON**.

Defendant's motion to continue the trial dates in this matter is **GRANTED**. The **FINAL PRETRIAL CONFERENCE** shall be at **3:00 P.M. ON JULY 10**. A **JURY TRIAL** shall begin on **JULY 15 AT 7:30 A.M.**

No further extensions or amendments of any type will be permitted. Failure to comply with any court deadlines or other orders may result in a sanction of dismissal.

The possibility of taxing plaintiff with costs directly traceable to the delay will be **HELD IN ABEYANCE** pending further development of the record.

**IT IS SO ORDERED.**

Dated: February 26, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6